**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | **Case Number 21-cr-90-PLF** |
| **NATHANIEL DEGRAVE,** : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S SUPPLEMENT TO OPPOSITION**
**TO DEFENDANT'S MOTION FOR BOND**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this supplement to its opposition to the defendant's motion for bond. In light of the Court's inquiry regarding a related Capitol riot defendant, Josiah Colt ("Colt"), at the hearing on the defendant's motion, the government tenders the following information:

1. Colt was charged by complaint on January 9, 2021, three days after the Capitol riot, with two misdemeanor unlawful entry offenses in violation of 18 U.S.C. § 1752(a)(1) and 40 U.S.C. § 5104(e)(2), respectively.

2. The statement of facts attached to Colt's complaint states that the "defendant has admitted his involvement in the riots, and apologized for it. In a statement given to CBS2 News he stated: 'I love America, I love the people, I didn't hurt anyone and I didn't cause any damage in the Chamber. I got caught up in the moment and when I saw the door to to [sic] the Chamber open, I walked in, hopped down, and sat on the chair. I said my peace then I helped a gentlemen get to safety that was injured then

left.'"

3. On January 12, 2021, Colt voluntarily surrendered to local authorities.

4. On January 13, 2021, Colt had his initial appearance before a magistrate judge in the District Court for the District of Idaho. The government did not seek his detention at that time.

5. On January 19, 2021, Colt appeared before Magistrate Judge Harvey for an initial appearance in D.C. The government did not seek his detention at that time. Judge Harvey released Colt on the condition that he: (1) not violate federal, state, or local law while on release; (2) cooperate in the collection of a DNA sample if authorized; (3) advise the Court or the Pretrial Services ("PSA") officer in writing before changing his address or telephone number; (4) appear in Court as required and, if convicted, surrender as directed to serve a sentence that the Court may impose; and (5) sign an appearance of bond. Judge Harvey also ordered him to verify his address with PSA, advise PSA of any travel outside Idaho, seek approval of the Court before traveling outside the continental U.S., and stay out of D.C. except for Court, meetings with his attorney, and PSA business. Finally, Judge Harvey ordered Colt not to illegally possess firearms.

6. On February 3, 2021, prior to a preliminary hearing scheduled for February 9, Colt was indicted pursuant to a four-count indictment. The charges included three misdemeanor unlawful entry offenses and one felony count of Obstruction of an Official Proceeding in violation of 18 U.S.C. §§ 1512(c)(2) and 2.

Unlike Colt, the defendant was not initially charged with only unlawful entry misdemeanors.  *See* Compl., ECF No. 1.  Rather, in addition to the unlawful entry charges, the defendant was initially charged with violating 18 U.S.C. § 231(a)(3), a felony, based on his assault on law enforcement officers in the Senate Gallery hallway.  *See id.*  Ronald Sandlin, who was present with the defendant and Colt inside the Capitol, was charged with two counts of violating § 231(a)(3) based on his two separate assaults on law enforcement officers.  The defendant and Sandlin were later indicted (separately) and charged with violating 18 U.S.C. § 111 (Assaulting Certain Officers), among other charges.  As the D.C. Circuit recently instructed in an opinion remanding a detention decision in a Capitol riot case, "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way."  *United States v. Munchel*, No. 21-3010 (D.C. Cir. Mar. 26, 2021) (citation omitted).  To date, Colt has not been charged with assaulting anyone in the Capitol that day, and there is no evidence that he did so.

At the time the defendant was charged on January 28, 2021, and by his initial appearance in the District of Nevada on February 3, much more was known about this trio of individuals than at the time Colt was charged, including Facebook posts detailing their plans to travel to D.C. to "stop the steal" as well as the video recorded by the three in a restaurant on January 6, in which Sandlin called on his fellow "patriots" to "take the Capitol," and the defendant stated that it was "time to put an end to this once and for all."

More importantly, by the time the government sought his detention at his initial appearance in Las Vegas, the government was aware that Sandlin had been moving from state to

state after leaving D.C., that the defendant had harbored Sandlin in his home, and that the defendant had lied to the FBI about whether he was present in the Capitol in a Mirandized post-arrest interview.  Today, the government is aware of even more obstructive conduct by the defendant, such as deleting his Facebook messages and communicating with others about the events of January 6 via encrypted messaging applications.

In sum, the defendant and Colt are very differently situated, and their unique characteristics and varying levels of culpability with respect to the events of January 6 factored into the government's decision to seek the defendant's, but not Colt's, detention pending trial.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415793

By: */s/ Jessica Arco*
Jessica Arco
Special Assistant U.S. Attorney
D.C. Bar No: 1035204
U.S. Attorney's Office for the District of Columbia
555 Fourth Street NW, Fourth Floor
Washington, DC 20530
Jessica.arco2@usdoj.gov
202-252-5198

Date:  March 31, 2021