UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 04-446 (TFH) |
| V. : | |
| NATHANIEL DEGRAVE : | |

**DEFENDANT NATHANIEL DEGRAVE'S
OPPOSITION TO
<u>EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT</u>**

Defendant Nathaniel DeGrave, through undersigned counsel, respectfully opposes the exclusion of time under the Speedy Trial Act from March 25, 2021, to the next bond hearing date.

In support of its motion the defendant states the following:

1. Mr. DeGrave was arrested in Las Vegas Nevada, persuant to a U.S. District Court for the District of Columbia complaint, on January 28, 2021. He was presented before the Honorable Daniel Albrects of the U.S. District Court for Nevada on February 1, 2021, and held pending transfer to the District of Columbia.

2. Mr. DeGrave was indicted in the District of Columbia on February 5, 2021.

3. Despite the transfer order signed February 9, 2021, Mr. DeGrave did not actually arrive in the District of Columbia until approximately March 9, 2021. During this entire time he was detained, mainly in detention facilities in Oklahoma, without access to any Court.

4. Mr. DeGrave was arraigned before this Court on March 16, 2021. On that date Mr. DeGrave requested release. Despite the inexcusable delay in transport, Mr. DeGrave agreed to waive his Speedy Trial rights until his bond hearing, scheduled for March 25, 2021. The government's bond brief was due by 3/23/21, and the defense reply due 3/23/21.

5. The government filed a bond brief, including 3 videotapes as exhibits. The defense had not seen those videos until they were uploaded for the bond pleading, but did not object to their introduction. On the morning of the March 25, 2021, bond hearing, the government filed a motion to seal 3 additional videotapes, which covered the same events as the 3 previous videotapes. These newly filed videos had been available to the government for weeks. While the government in essence asserted cross-agency bureaucratic ineptitude for the late filing of the videos, which is undoubtedly true, this is not an exception for delay in any proceeding under the Speedy Trial Act, 18 U.S.C. § 3161, et seq. The defense took no position on the sealing of the videos, and at the hearing did not object to the sealing, but objected to the introduction of the videos prior to the hearing as duplicative to the videos submitted with its March 23 pleading. At the conclusion of the hearing the Court continued the hearing, presumably to review the videos, to April 2, 2021, and excluded the time period under the Speedy Trial Act from March 25 until April 2, 2021. The Court permitted filing of supplements by both parties no later than March 31, 2021.

6. On April 1 at approximately 3:49 pm the government emailed the court requesting the Court to review yet another videotape, this time a link to a YouTube video. The defense had never reviewed this video, and objected by a reply email to its introduction as soon as it saw the email, at 3:56 pm, noting that the government's 3:49 pm email on its face indicated that there is

2

no footage of Mr. DeGrave in the video.

7. On April 1 at approximately 5:30 pm the Court ordered that the bond hearing date be vacated, and continued to a date after the bond decision for defendant Ronald Sandlin, case no. 21-CR-88, before the Honorable Dabney Friedrich. As the Court noted in its order, the government chose not to charge Mr. Sandlin and Mr. DeGrave as codefendants. Both are incarcerated, and have filed motions for release in their separate cases, before their separate Judges. Yet the government uses separate statements and actions by Sandlin, DeGrave and Josiah Colt (case no. 21-CR-74, before the Honorable Thomas Hogan) to implicate all of the separately charged persons. (Despite claiming that the three acted in concert, the government apparently did not oppose release of Mr. Colt when he originally appeared before the Honorable Magistrate Judge Ronald Bush of the U.S. District Court for Idaho on January 13, 2021. The Honorable G. Michael Harvey in U.S. District Court for the District of Columbia also ordered release by video conference hearing on January 19, 2021, specifically noting that the government did not oppose release, and Mr. Colt remains on release, with a status hearing scheduled for May 7, 2021.)

This Court stated in its April 2, 2021 Order postponing action on Mr. DeGrave's bond determination that despite the separate indictments before separate courts, the government charges DeGrave and Sandlin as engaging in concerted activity, and by the government's description, the same video evidence is relevant to both proceedings. The Court stated that in view of the relative asserted culpability, it would be appropriate for a decision concerning bond for Mr. Sandlin case prior to determining bond fo Mr. DeGrave. The Sandlin case is presently scheduled for a bond hearing on April 6, 2021. Under the present order, this Court will attempt

to schedule a videoconference in coordination with the DC Jail after the Court in Sandlin renders a decision.  Given the scheduling problems with the Jail, there is no guarantee that a hearing for DeGrave will occur next week, even though Mr. DeGrave's bond hearing was originally scheduled for March 25.

8.      None of the delays are the fault of Mr. DeGrave.  In fact, the delays are solely due to the government.  Mr. DeGrave, along with tens and possibly more than one hundred other defendants, was stuck in Oklahoma for a month while awaiting transfer to DC.  The U.S. Attorney's office for the District of Columbia has consistently blamed the U.S. Marshal Service for the delay.  But given the fact that both the U.S. Marshal Service and U.S. Attorney's Office are under the jurisdiction of the U.S. Department of Justice, this finger pointing does not shift responsibility.  COVID-19 prisoner transfer issues certainly do not justify such a lengthy delay.  The defense did not request a delay when presented with thousands of pages of documents at the last minute prior to its 3/23/21 bond pleading, and the defense did not request a delay when presented with videos at the last minute prior to the 3/25/21 bond hearing - despite the hardship that last-minute discovery presents for the defense.  The defense does not attribute this bureaucratic fumbling to the individual prosecutor assigned to the case, nonetheless, the government is responsible for meeting the speedy trial requirements, and is responsible for every delay in this case.  The Speedy Trial Act provides that the lack of diligent preparation by the government is not a reason to exclude time from the Speedy Trial Act. 18 U.S.C.S. § 3161(h)(7)(C).

9.      The government's actions are also disturbing because  - almost 3 months after January 6 - the government is still not offering dispositions to any of the hundreds of persons

charged in relation to the events of that date. Despite Mr. DeGrave's expressed remorse, there is no way for him to resolve his case, make amends, and move on with his life, much less obtain release.

10. The Court cites 18 U.S.C. § 3161(h)(7)(A) in tolling the Speedy Trial Act. While the government has put the Court in a position in which the Court feels that it must delay the proceeding, the defense submits that tolling the Speedy Trial Act under these circumstances rewards the government for its inexcusable delays and contradictory charging practices and arguments, while effectively punishing Mr. DeGrave. The Court also cites 18 U.S.C. § 3161(h)(1)(D) for exclusion of the time under the Speedy Trial Act. While the defense moved for bond on March 16, 2021, and did not oppose tolling of the Speedy Trial Act until the Court's hearing on March 25, 2021, subsequent delay concerning the bond motion is due to the government, and thus should not be attributed to the defense. The defense has acted in good faith in not previously objecting to Speedy Trial exclusion, but the government's continuing bureaucratic delays are now making a mockery of the Speedy Trial Act.

<u>Conclusion</u>

For the reasons stated above, and for any other reasons which may appear to the Court, the defendant respectfully opposes the exclusion of time under the Speedy Trial Act from March 25, 2021, to the next bond hearing for this case.

Respectfully submitted,

/s/

Joanne D. Slaight, #332866
400 7th St, N.W., Suite 206
Washington, DC 20004
Phone (202) 256-8969
Email: jslaight@att.net