UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No.   21-cr-90 |
| NATHANIEL DEGRAVE | : | Judge Friedman |

**DEFENDANT NATHANIEL DEGRAVE'S NOTICE**
**REGARDING CONDITIONS OF RELEASE**

Defendant Nathaniel DeGrave notifies the Court that undersigned counsel has obtained an agreed third party custodian, but Pretrial Services Agency (PSA) notified counsel that the third-party custodian must reside with the defendant. Since Mr. DeGrave was arrested in January he no longer has a roommate, although he is still responsible for, and paying, rent for his apartment. Undersigned counsel can contact Mr. DeGrave concerning possible alternate arrangements, but due to the Covid-19 pandemic, a phone call to Mr. DeGrave at Department of Corrections custody must be made a day prior to any call (and of course there is no guarantee that Mr. DeGrave will actually be able to call on that date).

PSA confirmed with counsel that if Mr. DeGrave visits only one work site per day, GPS monitoring is available. Radio-frequency monitoring (RF) is preferred where a defendant visits multiple sites per day. Mr. DeGrave's main work, consulting, involves no more than one site per day. As such, GPS monitoring is convenient. In contrast, PSA does not condone defendants' work for delivery services under GPS monitoring, as delivery service work entails frequent location

moves.  If required, Mr. DeGrave would limit his work to jobs entailing one site per day.

**The Bail Reform Act**

The Bail Reform Act, 18 USC § 3142, was passed before GPS, RF, device monitoring, or other electronic monitoring services came into use for conditions of release, and therefore are not listed as sample release conditions under 18 USC § 3142(c).  Under the Act, third-party custody is listed as a possible release condition to ensure to ensure that the person will not pose a danger to the safety of the community and any other person.  18 USC § 3142(c)(1)(B)(I).  Here, the government claims serious risk of obstruction, rather than danger to the community.

Even under the "danger to the community" standards, since the advent of electronic monitoring, it has been undersigned counsel's experience that the courts have turned to electronic monitoring, rather than third-party custody (not in addition to third-party custody), to achieve the objective of subjecting the defendant to the least restrictive conditions of release, as required by statute.   This is because electronic monitoring is much more effective and reliable supervision than a third party custodian.  Under GPS monitoring, PSA is instantly aware if Mr. DeGrave violates any location condition - but a third-party custodian cannot shadow the defendant every minute of the day; and computer monitoring provides for screen shots of a defendant's devices at any time, which a third-party custodian could not do.  Particularly under these conditions, a third-party custodian is not indicated by the Bail Reform Act.

Respectfully submitted,

_____/s/_____
Joanne D. Slaight, #332866
400 7th St, N.W., Suite 206
Washington, DC  20004
Phone (202) 256-8969
Email: jslaight@att.net

2