# JOANNE D. SLAIGHT
## Attorney at Law

400 7th Street, N.W., Suite 206  
Washington, DC  20004  
(202) 256-8969  
fax (202) 393-0536  
e-mail jslaight@att.net

Admitted to practice  
Washington, DC  
New York

April 19, 2021

AUSA Jessica Arco  
Office of the U.S. Attorney for DC  
555 4th St, NW  
Washington, DC   20530

By Email:        jessica.arco2@usdoj.gov

Re:   United States v.  Nathaniel DeGrave  
      Case no.  21-CR-90

Dear Ms. Arco,

      This letter memorializes discovery in the above-titled case and includes additional discoverable requests pursuant to Criminal Rule 16, Brady v. Maryland, 373 U.S. 83 (1963), and the Due Process Clause of the Fifth Amendment, for the government to tender pretrial production and inspection of listed materials and information.

      The below request is in addition to the numbered requests which follow:

- Video and audio recording of the audio recording played to me by phone last week concerning January 6, 2021, including source of item;
- all records concerning arrest of Ronald Sandlin, including arrest location for Ronald Sandlin.

      Discovery requests are as follows:

1) statements allegedly made by the defendant, and circumstances of statements including:
   - all PD 47's in relation to this case
   - date of the statement
   - police statements and actions preceding defendant's statements;

2) Bruton statements of codefendants;

Nathaniel DeGrave
Page 2

3) viewing and color copies of all photo arrays and/or photos shown to witnesses in this case, regardless of whether they resulted in an identification by the witness(es);

4) all identifications of the defendant or failure to identify the defendant (including but not limited to arrays, show-ups, and lineups), including:
   - Date
   - Words said by witness(es), number of persons at viewing, and their statements
   - Police statements and actions preceding and after witness statement;

5) ascertainment whether anyone identified a person other than the defendant as the perpetrator, failed to identify the defendant or choose a single photo from the array or other identification procedure, or stated that the defendant was not the perpetrator;

6) in the event that anyone tentatively or positively identified someone other than the defendant as the perpetrator, defense requests that witness' name and address;

7) names and addresses of witnesses who gave a description of the perpetrator which did not meet the actual description of the defendant;

8) any information supporting a claim of self defense, including but not limited to:
   - names and addresses of witnesses who indicated that the defendant was not the perpetrator or aggressor, including admissions by other persons;
   - names and addresses of witnesses who named someone else as perpetrator or aggressor;
   - any evidence that the complaining witness was the aggressor, including witness statements;
   - evidence of weapons possession by the complaining witness(es);
   - any other evidence indicating that the defendant was not the perpetrator or aggressor;
   - prior acts of violence, bad acts, or threats, by the complaining witness, regardless of whether these incidents were adjudicated;
   - reputation for violence by the complaining witness(es);
   - information that the complainant or any other person told anyone that at the time of the offense any person other than the defendant had a weapon;

Nathaniel DeGrave
Page 3

9) viewing and color copies of all photographs and diagrams that are material to defense preparation or that belong to the defendant or that the government plans to use at trial of this case, including but not limited to those of the scene, evidence, defendant and witnesses;

10) viewing and copies of any other documentary, physical or photographic evidence that is material to defense preparation or that belongs to the defendant or that the government plans to use at trial of this case;

11) viewing of all other evidence that is material to defense preparation or that belongs to the defendant or that the government plans to use at trial of this case;

12) reports of all examinations or tests conducted by the government, including but not limited to:
    - fingerprint results
    - DEA tests
    - blood/hair/serology tests;
    - DNA tests;
    - medical records, reports and test results;

13) a summary of any expert testimony that the government intends to offer, including a written summary of the expected testimony, the bases and reasons therefor and the name and qualifications of the expert;

14) warrants, affidavits, documents leading to court authorizations, and return for all search warrants and arrest warrants conducted in relation to this case;

15) recorded communications relating to the case (including 911 recordings, radio runs, tape recordings, video recordings, electronic surveillance, wiretap recordings and pen registers), body worn cameras, and transcripts and/or summaries of same; and all court authorizations and documents leading to court authorizations for such communications;

16) Drew/other crimes evidence which the government intends to use;

17) all promises, agreements entered into, or threats to any government witnesses, including that benefits would not be provided without cooperation; See e.g. United States v. Giglio, 405 U.S. 150 (1972); and
Pending cases of the witness since the offense date, including probation or parole status;
Information that the witness is linked to this or any other offense.

Nathaniel DeGrave
Page 4

18) any other bias by government witnesses, including benefits or monies provided to witnesses, their friends, and family, including but not limited to U.S. Marshall funds expended (See Reed v. United States, 452 A.2d 1173, 1181 n.6 (1982), Sherer v. United States, 470 A.2d 732, 739 (D.C. 1983), cert. denied, 469 U.S. 931 (1984); United States v. Bagley, 473 U.S. 667, 676 (1985);

19) prior inconsistent or false statements by witnesses, including false testimony;

20) information that at the time period in question (or now) the witness(es) was under the influence of drugs or alcohol, or had an abnormal or below normal mental state;

21) names and addresses and statements of witnesses whose testimony would contradict or impeach any government witnesses. (If the statements were made to other persons, names and addresses of other persons);

22) impeachable convictions (Lewis) request for all witnesses, and character evidence, including juvenile record, prior bad acts of perjury, false statements, or obstruction of justice, and out-of-state criminal record;

23) Law enforcement misconduct:

- Information concerning any lawsuits, adverse credibility findings, findings of misconduct or complaints sustained against any officers involved in the investigation and/or prosecution of this case;
- Information concerning any complaints, lawsuits, or investigations of conduct pending at any point during this case (even if they were subsequently dismissed) against any officers involved in the investigation and/or prosecution of this case.
- I request that your search includes the files of OPC, IAD, and any other sources of personnel information (including but not limited to PPMS). I further request source documents for any such information

24) general Brady request.

Thank you for your attention.

Yours truly,
/s/
Joanne D. Slaight