UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| | : |
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :    Criminal No.   21-cr-90 |
| | : |
| NATHANIEL DEGRAVE | :    Judge Friedman |
| | : |

**DEFENDANT NATHANIEL DEGRAVE'S**
**<u>MOTION FOR IMMEDIATE BOND DETERMINATION</u>**

Defendant Nathaniel DeGrave, through undersigned counsel, moves this Court for an immediate order to release him on this date, on his application for release under the Bail Reform Act, 18 USC § 3142, as he has been detained by this Court while awaiting a bond determination since his initial appearance in the District of Columbia for close to two months, since March 16, 2021, with no release or ability to appeal, absent the filing of a Petition for Writ of Mandamus to order this Court to release him or rule on his bond motion.

**<u>History</u>**

1.      Mr. DeGrave was originally arrested and presented in the U.S. District Court for the District of Nevada on February 1, 2021, for 4 counts in relation to the events at the U.S. Capitol on January 6, 2022.  He was detained  before the Honorable Magistrate Judge Daniel Albregts .  Doc. 21, pp. 13-15.  He was indicted in this Court in a single-defendant indictment on February 5, 2021, and ordered transferred to the District of Columbia, but did not arrive in the District of Columbia until approximately March 10, 2021.  During the one-month period before his arrival in the District

1

of Columbia, he was in the custody of the U.S. Marshal service and detained in prisons or jails in Oklahoma.

2.      On March 16, 2021, Mr. DeGrave was arraigned in this courthouse, before the Honorable Paul Friedman.  Mr. DeGrave moved for his immediate release.  Judge Friedman ordered the government to respond by March 19, 2021, and the defense to reply by March 23, 2021.  A subsequent bond hearing was scheduled for March 25, 2021.   The government's moved for detention ONLY under 18 USC § 3142(f)(2)(B), "a serious risk that [Mr. DeGrave] will obstruct or attempt to obstruct justice..." Doc. 13, p. 1.

3.      On March 25, 2021, the date of the hearing, the government moved to introduce, via email to the Court and defense, 3 video recordings, under seal, for the hearing.  The defense objected to their introduction.   (The defense did not object to sealing the exhibits, but objected to their introduction by the government.)  The Court admitted the recordings and continued the hearing until April 2, 2021, to review the video recordings.   The Court ordered that any further documents were due by March 31, 2021.

4.      On the afternoon April 1, the government proffered by email to the Court and parties a YouTube video link for introduction for the bond determination.

5.      On April 1, at approximately 5:13 pm, the Court sua sponte vacated the scheduled April 1, 2021, hearing, without scheduling a new date.  By Memorandum Order, Doc. 23, the Court stated that "[Mr. DeGrave] and the defendant in Criminal No. 21-0088, Ronald L. Sandlin, are charged with engaging in concerted activity as described by the government and the same video is relevant to both proceedings."  The Sandlin case is before the Honorable Dabney Friedrich.

2

Furthermore, "...the Court thinks it appropriate for a decision on pretrial detention with respect to Mr. Sandlin to be rendered prior to a decision with respect to Mr. DeGrave." The Court stated that it would reschedule the DeGrave hearing as soon as practicable after a ruling by Judge Friedrich regarding Sandlin's pretrial detention. The Court further excluded the time from April 2, 2021 until the next detention hearing from the Speedy Trial Act.

6.      On April 2, 2021, Mr. DeGrave filed an opposition to the Government's introduction of yet another video by emails to the court and defense - this time as a YouTube link. Doc. 24. The defense also objected to the Court's sua sponte exclusion of time under the Speedy Trial Act beginning March 25. Doc. 25.

7.      Judge Dabney held a bond hearing on the <u>Sandlin</u> case on April, 6, 2021, and continued that hearing until April, 13, 2021. At the April 13, 2021, hearing Judge Friedrich ordered that Mr. Sandlin be preventively detained.

8.      On April 14, 2021, this Court scheduled a bond hearing for Mr. DeGrave for April 26, 2021. The Court admitted the YouTube video, over defense objection. The Court further, sua sponte, ordered the government to produce for the Court a video which was introduced at the <u>Sandlin</u> hearing, and to produce "...any additional videos it believes the Court should consider." Doc. 28, p. 2.

The Court further ordered the parties to file supplemental briefs by April 23, 2021. The Court ordered the parties to address the relationship of the <u>Sandlin</u> case and the bond status for Mr. DeGrave. It further ordered the parties to address other cases in U.S. District Court concerning pretrial detention where charges were filed concerning the events of January 6, 2021,

at the U.S. Capitol, and to address proposed release conditions for Mr. DeGrave.

9.     On April 23, 2021, the government submitted 3 additional videos for the Court's consideration, in addition to the video the Court had requested in its April 14 order.   Mr. DeGrave objected to introduction of more last-minute videos, particularly as Mr. DeGrave is incarcerated during the pandemic, where it is very difficult to view videos at the jail.  Doc.  31.  The Court replied by Minute Order that if Mr. DeGrave would be prejudiced by the submission of the videos, the Court could continue the hearing upon defense request.  Counsel replied to the Minute Order on April 25, 2021, that Mr. DeGrave did not want his liberty hearing postponed further while he remains incarcerated.  Mr. DeGrave further cited 18 USC § 3145(a), requiring that bond review occur "promptly," and United States v. Munchel, Nos. 21-3010, 21-3011, 2021 U.S. App. LEXIS 8810 (D.C. Cir. Mar. 26, 2021), where the Court of Appeals found delay in bond determination "troubling."  Doc. 32

10     On April 26, 2021, the Court ordered, by minute order, that the government be prepared to address the basis for holding a detention hearing in this case, as the "Court understands that a detention hearing is appropriate in this case pursuant to 18 USC § 3142(f)(2)(B) based on a serious risk of obstruction of justice."

11.     The Court held a bond hearing On April 26, 2021.  At the end of the hearing the Court stated that it would take the bond matter under advisement.  The Court inquired concerning a third-party custodian for Mr. DeGrave, and undersigned counsel said she would consult with Mr. DeGrave and report back to the court.  On April 27, 2021, counsel reported that a third-party custodian is not available for Mr. DeGrave, as he lives alone, and the custodian is required to

reside with the defendant.  In addition, the monitoring provisions available to the Court, including electronic monitoring and device monitoring, offer more comprehensive supervision to the Court than could be provided by third-party custodian.

**Conclusion**

12.     Mr. DeGrave is now in a position, close to 2 months after his arraignment and motion for release in this case, where this Court has not found clear and convincing evidence that Mr. DeGrave will obstruct justice under 18 USC § 3142(f)(2)(B), yet he is still detained.  This does not meet the requirements of the Bail Reform Act, which requires that a motion be determined "promptly," 18 USC 3145, nor does it meet due process requirements.  (This is also three months after Mr. DeGrave's arrest, including detention for almost an entire month in limbo in Oklahoma while awaiting transport to the District of Columbia.)  But as the Court has not acted, an appeal is not available, leaving only the extraordinary option of filing a Petition for Writ of Mandamus with the Court of Appeals if the Court does not act on the bond motion.

For these reasons, Mr. DeGrave moves the Court to act on the pending motion immediately, and release Mr. DeGrave.

Respectfully submitted,

_____/s/_____
Joanne D. Slaight, #332866
400 7th St, N.W., Suite 206
Washington, DC  20004
Phone (202) 256-8969
Email: jslaight@att.net

5