UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

----------------------------X

UNITED STATES OF AMERICA

v. Criminal Case No. 21-90

NATHANIEL J. DEGRAVE,

Defendant

-----------------------------X

Washington, D.C
Tuesday, August 24, 2021
10:00 a.m.

TRANSCRIPT OF TELEPHONE STATUS CONFERENCE
BEFORE THE HONORABLE JAMES E. BOASBERG
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government: Jessica Arco, AUSA
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 532-3867

For the Defendant: Michael Ramsey, Esq.
Ryan Marshall, Esq
PIERCE BAINBRIDGE P.C.
355 South Grand Ave., 44th Floor
Los Angeles, CA 90071
(213) 400-7125

Court Reporter: Lisa Walker Griffith, RPR
U.S. District Courthouse
Room 6507
Washington, D.C. 20001
(202) 354-3247

P R O C E E D I N G S

THE COURTROOM DEPUTY: This is criminal Action 21-90. United States versus Nathaniel DeGrave. For the United States, I have Jessica Arco. For Mr. DeGrave, I have Ryan Marshall and John Pierce.

THE COURT: So who is representing Mr. DeGrave?

MR. MARSHALL: Your Honor, my name is Ryan Marshall. Mr. DeGrave's current attorney of record is John Pierce, but we ran into a scheduling conflict. I am one of his associates. I do want to definitely say that my license is not active yet. I passed the bar and everything. But I just want to make that clear. Mike Ramsey who is also a member of our firm who is licensed. But I've been the one working directly with Mr. DeGrave. So Mr. Pierce asked me to appear just to let you know.

THE COURT: That's fine. I just wasn't familiar with your name.

So Mr. Pierce is still lead counsel for Mr. DeGrave?

MR. MARSHALL: Yes, he is.

THE COURT: Go ahead. Since you've been working with him, you will probably be up to speed on what is going on.

MR. MARSHALL: That's correct, Your Honor.

THE COURT: Why don't we go ahead, then.

Good morning, Mr. DeGrave.

THE DEFENDANT: Good morning, Your Honor.

THE COURT: We're here for a status conference to figure out how things stand with discovery, scheduling and any other matters counsel want to raise. So whoever wants to start, the government or defense, go ahead.

MS. ARCO: Your Honor, I can start to provide an update with discovery and where things stand on plea discussions. Since our last hearing before you June 9, the government has produced several additional videos of the defendant and his coconspirators at the Capitol on January 6th. I expect that we will continue to undercover additional videos of the defendant as the government makes its way through thousands of hours of video evidence from January 6th.

The government has also produced additional 302 report of interviews with law enforcement and other witnesses directly relevant to this case. We have produced a return from Amazon showing the coconspirators' purchases leading up to January 6th, which confirms what the Facebook chats discussed at the detention proceedings, where they indicated.

We've also produced relevant photos and videos returned from a search warrant of Mr. Sandlin's laptop, items from the defendant's Facebook. He already has of a copy of his entire Facebook return, as well as numerous videos and photos recorded by Mr. DeGrave at the Capitol that were

recovered from his cell phone, not surprisingly in the trash folder.

We have invited the defense counsel to provide a hard drive to copy over the entire forensic images of all the devices seized from Mr. DeGrave. But have yet to received that hard drive.

I think we're in a transition moment, Your Honor, where I think Mr. Pierce and his colleagues have taken over from Ms. Slaight. I understand that Mr. Marshall has requested a copy of all the discovery that I have previously produced to her. But they have not yet gotten, for example, a copy of the hard drive would be first tranche of formal discovery from Ms. Slaight or some other hard drives full of electronic data previously produced to Ms. Slaight.

So unless they're able to get that from her in a timely fashion, I do plan once I receive a large hard drive from new defense counsel, I do plan on trying to recreate the discovery that has already been produced.

THE COURT: I think you should do that. But I also think that Ms. Slaight has ethical professional obligation to turn over the file the new counsel. I'm sure she will do that.

MS. ARCO: Understood, Your Honor. And we will, like I said, as soon as get a hard drive capable of handling all of that data, we will turn that over on promptly. We've

also turned over relevant grand jury materials that we thought were pertinent to produce at this time.

If Your Honor was not already aware, one Mr. DeGrave's coconspirators, Josiah Colt entered a cooperative plea agreement before Judge Hogan. Mr. Sandlin and Mr. Grave were offered wired plea offers that expired on August 1.

After extensive discussions with defense counsel for both, including his new counsel, including with Mr. Marshall who I presumed is speaking with Mr. Pierce, neither defendant accepted the plea offer.

As I mentioned previously, Your Honor, the grand jury is investigating this matter for conspiracy. It is anticipated that additional charges are forthcoming and Mr. DeGrave will be joined to Mr. Sandlin's case.

We previously sought to supersede this case on two prior occasions. And on both occasions, two separate agents both had been quarantined due to COVID exposure on the eve of grand jury. So for that reason, Mr. DeGrave case has not been joined with Mr. Sandlin's yet.

THE COURT: You are planning to go ask the grand jury to join the -- to issue a superseding indictment that would include conspiracy charges?

MS. ARCO: Yes, Your Honor.

THE COURT: And that would be both Mr. Sandlin and

Mr. DeGrave?

MS. ARCO: Yes, Your Honor.

THE COURT: In the indictment?

MS. ARCO: Yes, Your Honor, among other additional charges. So for that reason, we would request a month long continuance for the grand jury to conclude its investigation and with the expectation that the two defendants will be joined in a single case before Judge Friedrich, since that case, I understand, was earlier in time and we believe that doing so would be more efficient as both defendants and their counsel could appear before Judge Friedrich to discuss anticipated motions schedules and set a trial date that works for all parties.

I'm also not sure if you are aware that a trial date has been set in the Sandlin matter. We oppose that and we will move to continue that trial date at a later time. But we are currently in the posture where we are expecting motions from Mr. Sandlin's counsel.

THE COURT: I assume that if there is a superseding indictment that date would have to be moved.

MS. ARCO: I agree.

THE COURT: And probably -- well, the defendants, I would think in fairness to the defendants, the new charges pending against them and joined together and lots of things going on, that they may want to move. That's their call.

The government also wants to have a superseding indictment that includes both of them. And it will be up to Judge Friedrich, not up to me.

Just for Mr. Marshall's and Mr. Ramsey's edification, our local rules basically say that related cases are consolidated cases; that the judge with the lower case number gets the case. Then that applies to both civil and criminal cases. It is not something we negotiated. The whole purpose for the rule is to avoid (inaudible). It usually works.

Okay. Let me hear from Mr. Ramsey or Mr. Marshall.

MR. MARSHALL: Your Honor, if you don't mind letting me--

THE COURT: That's fine.

MR. MARSHALL: So we do agree to the continuance. We are working on getting discovery from both previous defense counsel and from the United States attorney. We've had a lot of communications, trying to resolve matters. But we don't object to a continuance. We are also aware of how the scheduling work as to what judge would oversee the case, Your Honor.

THE COURT: Okay.

MR. MARSHALL: As we are new counsel, we are also prepared to move for a new petition for reconsideration of bond, as we have found a third party custodian that would be

proper for Mr. DeGrave to be released into custody. And we will be submitting a new petition to try to get his release pretrial.

THE COURT: Okay. So if there is a motion to change Mr. DeGrave's bond status, you can file that whenever you are ready to file it. Ms. Arco could please respond promptly and try to move that along expeditiously so we can have a briefing and hearing on the matter irrespective of the 30 days that we're going to schedule now for the next status conference. We'll try to get that done earlier if the motion is ripe earlier.

MR. MARSHALL: I expect it to be filed next week, Your Honor.

THE COURT: All right.

Mr. DeGrave, you've heard all this. Do you understand that you have a right to a speedy trial?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you willing to give up that right for the next 30 days until the next status conference in view of everything that is going on with discovery and grand jury and so forth?

THE DEFENDANT: Yes, that's fine, Your Honor.

THE COURT: Okay. Well, I find that it is in the interest of justice for the reasons expressed by Mr. Marshall and Ms. Arco, and because Mr. DeGrave also agrees to toll the

running of the speedy trial for 30 days until the date of the next status conference. And we'll move forward on the motion to change bond conditions when it's ripe within 30 days.

So 30 days gets us to September 24. I can do it the afternoon of the 24th. I could do it the afternoon of the 24th. Of course, it also depends on the availability of the jail since it has to be coordinated with them. I can do it the afternoon of the 24th. The afternoon of the 30th. The afternoon of October 1.

MS. ARCO: Any of those dates and times work for the government, Your Honor.

MR. MARSHALL: Your Honor, I have copies Mr. Pierce's schedule and there is no conflict on either of those days.

THE COURT: Why don't we do September 30th at 1:00.

MS. ARCO: Yes, Your Honor.

MR. PIERCE: Yes, Your Honor.

THE COURT: I will toll the running of the speedy trial from now until then.

MR. MARSHALL: Yes, Your Honor. May the record reflect one thing just for my protection. Mr. DeGrave is aware that I am currently awaiting my license. He has been advised of that. If the record could reflect that for my protection since my license should become active within a month. I appreciate that, thank you.

THE COURT: Thank you for putting that on the record and the record can also reflect that Mr. Ramsey has also been on the call and he is a member of the bar. And that I specifically wanted to hear from you, Mr. Marshall, because you were in direct contact with Mr. Pierce, lead counsel on a regular basis and was most knowledge about where things stood. So don't worry about it.

MR. MARSHALL: Thank you, Your Honor.

THE COURT: All right. Does anybody else have anything further they want to raise?

MS. ARCO: No, Your Honor. Thank you.

THE COURT: I will see you all on September 30th at 1:00. Thank you.

(Whereupon, at 10:16 a.m., the hearing concluded.)

CERTIFICATE OF REPORTER

I, Lisa Walker Griffith, certify that the foregoing is a correct transcript from the record of the remotely reported proceedings in the above-entitled matter.

Please Note: This hearing was held in compliance with the COVID-19 pandemic and the standing orders of this court, and is therefore subject to the technological limitations of court reporting remotely, including static, signal interference and other restrictions.

_________________________________ 8-30-2021
Lisa Walker Griffith, RPR Date