# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-3030**  **September Term, 2020**

1:21-cr-00090-PLF-1

**Filed On:** July 9, 2021

United States of America,

      Appellee

    v.

Nathaniel J. Degrave, also known as Nathan Degrave,

      Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

    **BEFORE:**    Rogers, Millett, and Katsas, Circuit Judges

    This appeal was considered on the record from the United States District Court for the District of Columbia and the memoranda filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See Fed. R. App. P. 36; D.C. Cir. Rule 36(b). It is

    **ORDERED AND ADJUDGED** that the district court's pretrial detention order, entered May 6, 2021, be affirmed. The district court did not err in determining that appellant is eligible to be detained pending trial under 18 U.S.C. § 3142(f)(2)(B) based on a serious risk that appellant may obstruct or attempt to obstruct the judicial proceeding. See United States v. Singleton, 182 F.3d 7, 12 (D.C. Cir. 1999) ("The decision whether to hold a hearing occurs based on even less information than a decision to detain or release.").

    Additionally, the district court did not err when it identified a risk of violence as one of the articulable threats that appellant's release would pose. See United States v. Munchel, 991 F.3d 1273, 1283 (D.C. Cir. 2021) ("[T]o order a defendant preventatively detained, a court must identify an articulable threat posed by the defendant to an individual or the community.").

    Further, appellant has not shown that the district court clearly erred in concluding that no condition or combination of conditions of release would reasonably assure the safety of the community or the integrity of the underlying judicial proceeding. See Munchel, 991 F.3d at 1282). As this court explained in Munchel, with regard to

# United States Court of Appeals
**For The District of Columbia Circuit**

_____

**No. 21-3030**                                    **September Term, 2020**

January 6, "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." Id. at 1284.  In contrast to the appellants in Munchel, the district court here found that appellant actually assaulted numerous police officers on multiple occasions, forcibly cleared the way for others to enter the Capitol and to enter restricted spaces inside the Capitol, and planned and coordinated with others to engage in violence on January 6.  See United States v. Worrell, 848 F. App'x 5, 6 (D.C. Cir. 2021).  Additionally, the district court found that since January 6, appellant has demonstrated a willingness to impede law enforcement investigatory efforts by falsely telling the FBI after he was arrested that he had not been at the Capitol, deleting social media messages relating to his conduct on January 6, encouraging others to do the same, and communicating via an encrypted messaging application about January 6.  Moreover, the district court considered the types of restrictive release conditions that appellant proposes on appeal, and appellant has not shown that the district court's conclusion that such conditions would be insufficient was clearly erroneous.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                      **FOR THE COURT:**
                      Mark J. Langer, Clerk

         BY:    /s/
                      Michael C. McGrail
                      Deputy Clerk